# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 28, 2014

Plaintiff-Appellee,

v

No. 317058
Oakland Circuit Court

LENNY ROCCO TOSTO,

LC No. 2012-244049-FH

Defendant-Appellant.

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

PER CURIAM.

Following a jury trial, defendant appeals as of right his conviction of larceny by conversion of $20,000 or more, MCL 750.362a(2)(a). The trial court sentenced defendant to 54 days in jail and 5 years of probation. We affirm.

Defendant was involved in financial relations with complainant, and complainant considered the two of them best friends. In 2007, complainant participated in real-estate investments with defendant and Tom Beer. By the spring of 2008, complainant came to consider Beer unreliable and told defendant that he no longer wanted to invest with Beer. On June 10, 2008, defendant invited complainant to participate in an investment with defendant and defendant's brother-in-law, which would yield a 20 percent return. Complainant agreed and gave defendant $300,000 to invest. Instead of investing the money with his brother-in-law, however, defendant gave the money to Beer. At the time, Beer did not know that the money was from complainant. Beer invested this money in an unsecured oil fund and expected to make a 65 percent return. Defendant, however, had learned of this oil fund before inviting complainant to participate in an investment with his brother-in-law. In fact, Thomas Cardelli, complainant's attorney in a civil suit against defendant, testified that emails sent in May 2008 between defendant and Beer discuss the 65 percent return and also indicate that defendant's money was "tied up this round." According to Cardelli, of this 65 percent return, defendant allegedly intended to keep 45 percent and give complainant the 20 percent he promised him. However, the investment failed. Complainant did not learn that the investment failed until December 2008, although Beer testified that he told defendant there was a significant problem with the investment in September 2008. When complainant inquired about his money in September 2008, defendant told him that because he did not provide 30 days' notice, the investment automatically rolled over, despite complainant claiming he was never told about this notice requirement. Beer claimed to have returned $350,000 to defendant before December 2008, but defendant never

-1-

returned to complainant any of his original $300,000, despite complainant inquiring about his money multiple times before he had learned of the failed investment. However, defendant did pay complainant $15,000, allegedly for the 20 percent return.

On appeal, defendant argues that there was insufficient evidence to support his conviction for larceny by conversion. We review de novo claims of insufficient evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "We examine the evidence in a light most favorable to the prosecution, resolving all evidentiary conflicts in its favor, and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond reasonable doubt." *Id.* "[W]e will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger (On Remand)*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Circumstantial evidence and reasonable inferences drawn therefrom can constitute sufficient proof of the elements of a crime. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The essential elements of larceny by conversion include:

(1) the property at issue must have " 'some value,' " (2) the property belonged to someone other than the defendant, (3) someone delivered the property to the defendant, irrespective of whether that delivery was by legal or illegal means, (4) the defendant embezzled, converted to his own use, or hid the property " 'with the intent to embezzle or fraudulently use' " it, and (5) at the time the property was embezzled, converted, or hidden, the defendant " ' intended to defraud or cheat the owner' permanently of that property." Stated more simply, larceny by conversion occurs "where a person obtains possession of another's property with lawful intent, but subsequently converts the other's property to his own use." [*People v Mason*, 247 Mich App 64, 72; 634 NW2d 382 (2001) (citations omitted).]

Defendant only argues that there was insufficient evidence to prove beyond a reasonable doubt that he intended to permanently deprive complainant of his money. Intent can be inferred from one's actions. *People v Gould*, 225 Mich App 79, 87; 570 NW2d 140 (1997). "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999).

In this case, the jury could have easily inferred from defendant's actions that he had the intent to permanently deprive complainant of his money. Specifically, defendant knew of the oil fund and its appealing return before he invited complaint to invest with his brother-in-law. Emails indicate that defendant's funds were "tied up this round" and Beer never knew that the money from defendant was actually complainant's money. A jury could infer that defendant invited complainant to invest, all the while intending to permanently keep the money for his own use. Although there was evidence that defendant intended to return the money, all conflicts must be resolved in the favor of the prosecution, *Ericksen*, 288 Mich App at 195, and credibility and weight determinations are left for the jury to decide, *Unger*, 278 Mich App at 222. Further, there was evidence that defendant knew in September 2008 that the oil fund investment had significant problems, but when complainant inquired about his money, defendant lied and told complainant that the money had been rolled over. Beer also testified that he gave defendant $350,000 before

December 2008, but defendant never returned any of complainant's original $300,000. Therefore, viewing the evidence in a light most favorable to the prosecution, we conclude that there was sufficient evidence from which the jury could conclude that defendant intended to permanently deprive complainant of his money. See *People v Miciek*, 106 Mich App 659, 667; 308 NW2d 603 (1981).

Affirmed.

/s/ E. Thomas Fitzgerald
/s/ Kurtis T. Wilder
/s/ Donald S. Owens